The case this morning is No. 25-10675, the Securities and Exchange Commission v. James Torchia. Mr. Mendelson. Morning. May it please the Court. Morning. I'm going to start with the second issue in the brief, the number of violations that the Court found for a civil penalty. The District Court imposed three violations based on the violation of three statutes. Each statute is a violation. The problem we've got here is that we don't have three violations. We have one violation with three different names. And what I mean by that is the statutes that make up the violation, the judge says one statute, one violation. The three statutes have the same elements essentially. This Court has found that. The District Court found that. And then the way the Commission pled the violations, the way they pled their complaint, they listed 112 paragraphs of transgressions by Mr. Torchia and his companies. And then they said, Claim 1, violation of the first statute, we incorporate all 112 paragraphs. Claim 2, violation of the second statute, we incorporate all 112 paragraphs. Claim 3, violation of the third statute, we again incorporate all 112 paragraphs. They did not specify specific facts, specific schemes that supported the statutory violation or the statutory elements. And because of that, what we are left with is a violation of a statute supported by identical facts times three. That's one violation. So what is your – I do have concerns about the SEC's methodology, but what test do you propose that we use? A Blockberger test derived from double jeopardy in the criminal law? Or a relevant conduct analysis taken from the criminal sentencing guidelines? What? Sure. I mean, I think Blockberger is easy. I mean, it's straightforward. And, I mean, with these statutes, we don't have any real difference because if, for example, you look at this court's decision in SEC v. Merchant Capital, which was relied on by the District Court, it lists the exact elements for the offenses violated, for the statutes. I think it works really well to use an elements test like we do in a Blockberger analysis. And if you do that here, the elements for the two statutes are identical. The third statute has the same elements. The only difference is the level of intent required to violate it. So the third statute has a negligence or recklessness element as opposed to an intent censure element. So it's essentially a lesser included as we would have in Blockberger. I would couple that. I mean, if you're looking for a rule, I think the rule I would propose is for each of these statutes, since they are identical, if the judge wants to find three violations, one per statute, it needs to find conduct that's different. So, for example, in our case, if they say you violate statute one based on the advertising, the falseness of advertising, that fact supports that statute, that's one violation. Statute two, the offering memo, has misstatements in it. That conduct violates the second statute. Part three, some other conduct in the case that's factually distinct from the other two, meets the elements of the third statute. That could be three violations based on three statutes based on different conduct. But those are two different tests, Mr. Mendelson. They could be. I mean, part of the vice that you point out is that the SEC and sometimes district courts around the country are just picking and choosing and using different standards as to when a separate violation occurs. But if you're telling me that the Blockberger analysis works pretty well, but then you're telling me that a relevant conduct analysis can work just as well, then you're leaving me at the same question, like what is the proper and correct rule? Well, my preference, if I were making the rule, I would stick with straight Blockberger. That gets us back to one violation. Despite the lack of identity in mens rea amongst the three? Because Blockberger would suggest that you've got two violations instead of three. Because one of them has a different intent requirement, and that makes the element different under Blockberger, end of story. Except the element that is different is a lesser, which makes it a lesser included. Because the only element that's different is intent versus negligence. So it becomes a lesser included and becomes one. And, you know, I want to point out to the court, again, these statutes and the way they are. I mean, there's a finding in the Second Circuit case that we've cited that says these are the same. But even this court's, again, decision in Merchant Capital, where it spells out all the elements for the three statutes that we're talking about in this case, and, again, spells out they are the exact same elements with the exception of negligence. So we've got a situation where we've got conduct. We've got the elements that are identical. We've got the conduct is identical. That's one violation, not three. And if you may indulge me with a slight example here, the way I think of this and the way I envision it is if you've got, say, a four-month-old dog, I could call it a puppy, I could call it a dog, or I could call it a canine. At the end of the day, we have one dog, not three. That's the problem with the district court's analysis here is essentially it's a three-dog problem. And, you know, at the end of the day, the district court recognized this. It said, we've got the same conduct underlying all of this. But it said, I don't think the penalty would be enough if we just went with one violation, even though it is the same conduct. That folds into an abuse of discretion analysis and gets to the problem that we have with this undefined version of violations. Because the district court can, and I'm not saying that the district court did it here, but it leaves open the possibility that a district court can work backwards. It can say, I want $500,000 in a penalty, but I only have one violation. I can't impose a $500,000 penalty. So let me think of a way I can get three different violations and get up to $500,000. And, again, I'm not saying the district court did that here, but that's the danger we have. And if the court wanted to make a more expensive rule, the court could give us a rule that says, across the board, if you want to find a violation, it is per statute. That's fine. That would eliminate the opportunity for courts to choose other methods, other ways of doing it and sort of working backwards into getting this. What do you mean by statute? Well. What the district court did here? What the district court did here, except with the Blockberger analysis. I mean, what I'm going at is you read some of these, all these opinions, most of the opinions we have on this issue are district court opinions. And they say, you know, some courts find a violation by looking at the number of statutes filed. Some courts find a violation by looking at the number of stock trades. Some find a violation by looking at the number of customers out there. And they all say, well, you know, any one of these works. I'm going to pick per statute or I'm going to pick per stock trade. Well, what do you do with Blockberger when you have the same violation committed over and over again? Then what's the default rule? I would come back to the default rule is, again. So a person violates one of the securities acts, one provision, but does so on 30 successive days in a month. How many violations are there? One. One. One statute, one violation. That can't be. If I understand the argument, if you commit Conduct X, and Conduct X violates Statutes 1, 2, and 3, and Statutes 1, 2, and 3 have the same elements, then the conduct is only one violation. I get that. I'm sympathetic to that perspective. But if you violate the same provision with 30 different transactions on successive days, Blockberger wouldn't preclude a prosecution for 30 violations. No, but, I mean, if we're talking about prosecutions, I think at the end of the day those would all merge for sentencing. But not for conviction purposes. Not for conviction purposes. They wouldn't merge necessarily for fines either. You'd have a potential fine for each violation. Of course, the guidelines, because of the way they work, would probably combine them, but it wouldn't preclude liability for the 30 violations. No, it wouldn't necessarily preclude, but, I mean, I think if we're using a sentencing guidelines model, the sentencing guidelines would take the 30 violations, total them up into one loss amount, and Yeah, I don't want to propose the sentencing guidelines because those can change at any time, and we'd have a regulatory system wagging the statutory dog, and that's not a good thing because what do you do if the regulatory system goes somewhere else? No, I understand that, but I Even under the sentencing guidelines, that would just be discretionary because if there are multiple violations of the same, there could still, those sentences, it would be up to the district judge to decide whether or not to impose separate sentences for each of those and then whether or not they should be consecutive. So I don't really think that's getting you to where you want to be. I understand the court's view on that, but since we're talking about guidelines, that's where I was following. But I think the court, actually, though, if the separate violations come together as one loss amount, and the guidelines would recommend a sentence, certainly the judge has the ability to add to it and impose consecutive sentences up to the statutory maximum of those sentences, but the guidelines would recommend a sentence that would take them all into account. Ultimately, we don't have to go there. I was the one down below recommending one violation based on all of these, based on essentially a blockworker test. I think the court can find that that is the appropriate way to decide this case where you have same statutes and same facts and simply, instead of remanding the case, order that it's one violation and that be the end. I see I'm out of time. Thank you. Thank you very much. Ms. Brady-Lynes. I plead the court, Morgan Brady-Lynes, for the Securities and Exchange Commission. Mr. Torscha consented to liability for a multi-year securities fraud in which over 200 investors lost more than $48 million. The district court then imposed disgorgement on a joint and several basis against Mr. Torscha and the entities he largely owned and controlled, the Credit Nation entities, ordering him to pay about $115,000 plus prejudgment interest. Mr. Torscha does not dispute the joint and several nature of the award, nor does he challenge the method of calculating disgorgement. Instead, his only argument as to disgorgement is that because he personally lost funds, no disgorgement can be awarded against him. A district court's award of monetary relief is reviewed for abuse of discretion, and the court acted well within its discretion in rejecting this argument here given the nature of the award, the poor state of Credit Nation's records, and the fact that disgorgement is about depriving a wrongdoer of ill-gotten gains, whether or not the wrongdoer ultimately profited from his conduct. As for penalties, the court ordered Mr. Torscha to pay a civil penalty of about $670,000 based on the three primary securities fraud counts to which Mr. Torscha consented, and he now argues that the court abused its discretion in finding more than one violation. And in this case, the counts aligned with the statutory violations, right? Yes, Your Honor. And that's what the district judge based the award of penalties on, one per substantive count, which amounted to one per violation. Should that be our rule going forward? Because I recognize that other circuits allow judges to have flexibility in determining what is a violation, but why should we? I'm not proposing that as your rule going forward, Your Honor. I believe that the system now where the district court has discretion within the statutory caps that are set by the statute, and so that could be either gross pecuniary gain or a per-violation cap. And then the district court, because violation is not determined, the district court looks to various metrics to determine what is a violation. Those metrics have to be reasonable. The court can look to things like number of investors, number of months the conduct continued, number of transactions. Here you're looking at over 200 investors, several different entities, two pretty separate businesses. You have subprime auto loans and life settlement policies, numerous misrepresentations through radio ads, newspaper ads, offering memoranda. The district court actually said, I would be looking at a much larger penalty if I looked at something like number of investors or number of transactions. I don't have those numbers here, and I don't think that larger penalty would be appropriate. So within sort of the outer limits of the number of violations, I will look to the number of primary statutes violated. Do you think there is any sort of interplay here with notice requirement in the sense that this flexible approach isn't necessarily tied to the pleadings? Why shouldn't it be, almost as the district court did here, where the government is required at least to have some specificity in its complaint about what at least it considers the violations to be so that the defendant is on notice and can defend against that, rather than waiting until the end and then basically allowing the government to prove up any number of violations that may not have been specifically laid out in the complaint? I would actually, just as a point of the record, Your Honor, the commission actually asked for a penalty based on gross pecuniary gain, and the district court found that those numbers, given Credit Nation's records, were unreliable. So it was not the commission's request that it be viewed as three violations, that that be the basis for the penalty. And I think a recent Second Circuit case, SEC v. Fowler, actually said the district court is not required, even if it had been the way that the commission had pled the case. The district court is not required to track the litigation approach of the commission. The district court has sort of the discretion to determine the appropriate metric. Let me ask you a question that I think is related. Isn't the meaning of the word violation in the statute a question of law that this court should be able to decide? Well, Your Honor, I think in the recent Supreme Court case and Bittner talking about violation, if you want to determine what the violation is, you should look to the statute violated. So here you would, I think that's correct, this court could look to the statutes that were violated by Mr. Torshaw that he consented to liability to determine when a violation occurred. But we're looking for a rule here, and I don't know why the meaning of violation would change depending on the facts of the case. I'm sorry, Your Honor, I'm not suggesting that. I'm suggesting the violation is based on the statute that's alleged to be violated. So you'd look to the statutes that were violated to determine the number of violations. If you have the exact same conduct, and let's say the SEC takes the position that five statutes are violated or ten, even though it's the exact same conduct, that would be five violations or ten violations? Not necessarily, Your Honor. I think the commission is sort of describing the conduct that happened, and Congress has drafted the statutes and sort of matching up with the conduct that happened to the statutes. In terms of the number of violations, that's really a district court determination. I know, but you're suggesting that violation is in the eye of the beholder, and the beholder is the district court, and depending on what the district court thinks, it could change the meaning of violation from case to case. It can go pecuniary gain one day, it can go statutory violations the next day, it can go Blockberg or the third day, it can go sentencing guidelines the fourth day. That doesn't seem like an appropriate way to determine the meaning of a statutory term. I think, Your Honor, what I'm trying to say is that I think the statute sets out sort of the cap, and that's either kind of the per-violation statutory cap or gross pecuniary gain, depending on which tier. What does violation mean to the commission? What's the definition of violation? I think violation is violating the law as set forth, and so when the commission says that as a complaint— That doesn't say anything. I mean, your brief didn't take a position on what the word meant, and that was very odd. I think, Your Honor, the commission's view is not the relevant one here. Yes, it is. You're a litigant in an adversarial system, so what you say helps us try to figure out what the answer is, and I'm trying to get one side's perspective on what the word violation means and how it should be interpreted. I think violation should mean when the conduct is contrary to the statute. So when the commission lays out Section 17A1, does that conduct violate— does it follow how 17A1 is laid out, and if so, then that is a violation. Okay, so let's go to my hypotheticals. One same defendant engages in the exact same inappropriate and illegal conduct on 30 successive days violating the same provision of one of the Securities Acts. How many violations are there? I think that there could be 30 violations there. That does not mean the district court has to impose Penalty 30. No, no, no. I'm not asking you what the district court can do. I'm asking you how many violations are there when a defendant does that. I think there could be 30, Your Honor. Why could be? Why is there a hesitancy in the answer? Because I think courts have— He engages in an improper trade, and it's the same trade every single day. It just takes him 30 days before he gets caught. So same illegal trade on 30 successive days in violation of a single statute. How many violations are there? I believe there would be 30 violations. Okay. One defendant, one act on a single day within a course of a couple of minutes that violates three statutes that have the same elements. How many violations are there? I think you could have three violations, Your Honor. That could. How many violations are there? I think there are three violations. Okay. So what is the unifying thread between those two hypotheticals? A violation occurs when—finish the sentence. Your conduct violates the law. Okay. So you don't believe that a Blockburger-type test is appropriate. It's whatever the statutory definition is of a given violation. I think that's right, Your Honor. I think where the sort of discretionary piece comes in to respond to sort of equity concerns is that the statute sort of caps the outer—the number of violations caps what the penalty can be.  But a penalty can always be, if it is truly unfair to impose three different violations for one course of conduct or for one action because of the way the statutes are written, the district court would have, of course, discretion to find it appropriate to only impose one penalty. Right, but the definition of violation, whatever that is, sets the ceiling, right? Yes. Yes, Your Honor. Okay. So how would you write as have the rule for this? A violation occurs when— when the actors—when the conduct is contrary to the requirements of the statute and meets all of the elements of the statute. So when that happens, a violation occurs. Okay. Building on Judge Jordan's hypothetical, in a situation where there could be 30 violations as you've just defined them, but the commissioner only identifies in the complaint, let's say, 10 of them, should the district court have the discretion to go beyond those 10 to find, say, all of the 30 violations and impose penalties based on those? I think that the district court should have discretion to do so because the district court should not be cabined by the commission's pleading. But as Your Honor explained, if this did raise sort of serious notice or due process concerns, certainly the district court would have discretion to not impose a penalty based on those violations. But you'd need—in Judge Kidd's hypothetical, you'd need some proof of the other 20. Of course, Your Honor. Right? Yes. If the commission only pled 10 violations and the defendant admitted to the 10 in his answer, the district court would need something else to find an additional 20 violations, right? I think I understood Judge Kidd's question to be if the conduct sort of consented to also separately happen to satisfy those requirements was my answer. So answer Judge Jordan's variation on that then. If they were—if the sort of conduct consented to or charged by the commission, if there were not sufficient evidence to satisfy those other statutes, then in that case, no, that would not be sufficient to find the violations. But you could go beyond it. So you have a 10 count complaint. Defendant, in his answer, says admitted, all violations admitted. I'm ready for judgment. You come before the district court to figure out remedy, to figure out penalties, and the commission says we want you to find that there are 30 violations instead of 10. Could you do that with evidence, even though you haven't pled them and haven't provided him notice of them? I'm not aware that that would happen, Your Honor. Could it happen? We're looking for boundaries, not the way the commission reasonably exercises its statutory power and discretion. We're looking for rules that cabin what actors in the system do. I think here, Your Honor, there were additional briefing was allowed as to remedies, but because in this situation where the defendant has consented to liability, there was not sort of one is not permitted to bring forward evidence that would contradict sort of that consent as to liability. And so that would seem to be inconsistent with what has been agreed to. If there are no additional questions, Your Honors. Do you have another one for her? No, he asked my question. All right. Thank you very much. All right. Whenever you're ready. Judge Jordan, to answer your hypothetical 30 successive days, same violation, same stop trade for 30 successive days, my suggestion is that is one violation because that is one scheme. Similarly, with— Blockberger, you said Blockberger works. If Blockberger works, then that's not the hypothetical's result. The government could prosecute someone for engaging in 30 instances of securities fraud for those 30 different trades done on 30 successive days. They could. And when it came time to penalty, for penalties, they would all merge together. That's not the question of penalty. You're merging two criminal concepts. I am. But when you're getting to the point of imposing civil penalties for the violations, I think that second concept of merger becomes really—becomes relevant. But then we have the other part of your question, which was one violation or one action violating three statutes. Then we come back to our Blockberger situation, which is what we've got here. One set of facts, three statutes. That's Blockberger. That's one violation. I just think those are two very different scenarios, and they could potentially come out differently if you apply Blockberger. It could, but part of it is it depends on how the Commission chooses to plead this. They made a choice when they pled this to plead it as your second hypothetical and not your first. And so in that situation, the rule should be one violation. And that's the rule that resolves our case in Mr. Torsh's favor without the need to remand to the district court. And we'd ask for that result. Thank you both very much. Thank you. Thank you.